James W. Whitney et al., Plaintiffs in Error, *v.* Benjamin Mayo et al., Defendants in Error.

ERROR TO ADAMS.

The general rules of equity require that all persons materially interested in the subject or object of a suit, however numerous, must be made parties.

In cases of voluntary associations, equity will not sustain a bill filed by a portion of the members, unless the others are made defendants.

The same principle prevails where the officers or a committee of a church sue.

If parties in interest refuse to join in bringing suit, they may be made defendants, notwithstanding their true interest may be with the complainants.

Where it is wholly impracticable to make all who are interested parties, the exception has its force; justice will not be denied, and the suit may proceed without all the parties, and against such as may be joined.

THE bill recites that J. W. Whitney, in 1839, was seized in fee of lot 1, on block 8, Wheelock's addition to Quincy.

" That on the 18th of April, 1839, for the consideration of $100 contributed by the Roman Catholic church and congregation of Quincy, and paid to him, conveyed the north 100 feet wide of said lot to the right reverend Joseph Rosati, Roman Catholic bishop of the diocese of St. Louis, and his successors in said diocese, for ever, for the use and accommodation of a Roman Catholic church or congregation in said Quincy, as a piece of ground on which to erect a church, in which is to be publicly taught and expounded the truths and doctrines of the Christian religion, according to the rights, forms, and ceremonies of the Roman Catholic church; but it is understood and consented to by me, that if at any time hereafter the Roman Catholics of Quincy should desire to make other arrangements for their accommodation, they shall be at liberty to use the aforesaid piece of ground as a site for a literary institution, or any institution for charitable purposes, as to them may seem meet and proper, or in any way to advance the interests of religion, literature, and charity.

" And afterwards, on the 4th of April, 1841, made a further conveyance of the balance of said lot, in which the whole lot is described, to said ' Joseph Rosati, Roman Catholic bishop of the diocese of St. Louis,' and his successors in the diocese of St. Louis forever, to have and to hold said town lot unto said party of the second part, and his successor and successors, Roman Catholic bishops in the diocese of St. Louis, for ever, in trust to and for the use of a Roman Catholic church and congregation in the city of Quincy, aforesaid, for ever, and the accommodation of the officiating priest or pastor of said congregation or church, and agreeably to the forms, rules, and ceremonies of the Roman Catholic church for ever.

" That said Roman Catholic church and congregation of Quincy erected thereon a building for worship, and one for the officiating priest.

" That at the time of the execution of said deeds, there was, and still is, a Roman Catholic church and congregation at

Whitney et al. *v.* Mayo et al.

Quincy aforesaid, unincorporated, for whose use said convey-ances were made; and at the time said deeds were made, the said church and congregation which erected said buildings, were the only Roman Catholic church and congregation of Quincy aforesaid.

That Derwin, one of the complainants, then was and still is a member of said church and said diocese, was and is the offi-ciating priest thereof.

That said buildings were erected by donations made by the members of said church and congregation for the erection thereof.

That said church and congregation consists of several hun-dred members, too numerous to be made parties.

That said Rosati was then bishop of the diocese of St. Louis, and said Quincy, and said church, within said diocese of St. Louis.

That on the 14th of September, 1842, one Peter R. Kenrick, who pretended to act as attorney in fact of said Rosati, as such bishop, but having no warrant of attorney, made deed of the west 30 feet wide of said lot, to one Mayo, in fee absolute, on which was situated said parsonage or house for the priest; said Mayo went into possession and conveyed to Marrs, who died, and whose heirs claim the same, and refuse the said priest pos-session thereof.

That after that time said Rosati died, and said Peter R. Ken-rick is his successor as such bishop of the diocese of St. Louis.

That said Kenrick refuses to execute said trust.

That said church and priest are entitled to the possession of said premises, and to have said trust in said deeds specified, executed.

The cause was heard before O. C. SKINNER, Judge, at No-vember term, 1851, of the Adams Circuit Court.

WARREN and EDMUNDS, for plaintiffs in error.

BROWNING and BUSHNELL, for defendants in error.

SCATES, J. Several important questions raised and discussed, need not be decided, upon the record as now presented, under the view taken by the court. They are of opinion that all the proper parties are not before them. The following facts set forth in the bill, to which a demurrer was sustained, will clearly show the propriety of dismissing the bill. In 1839 and 1841, a Roman Catholic congregation of Christians, composed of J. W. Whitney and some three hundred others, communicants, as

members, and F. Derwin, as officiating priest or pastor of the congregation associating together, unincorporated, for the purposes of public worship, had become organized into a church. The members of the church contributed funds, bought a lot of said Whitney for that purpose, and erected thereon a church building for public worship, and a parsonage for the residence and use of their pastor. According to the customs and usages of the Roman Catholic church, in relation to the title of the glebe and temporalities, a conveyance in fee of the lot was executed to the right reverend Joseph Rosati, bishop of the St. Louis diocese, in which the lot in Quincy was situated, and to which the congregation belonged, and in which conveyance it was declared to be in trust for a Roman Catholic church in Quincy.

Afterwards the bishop conveyed in fee thirty feet of the lot, including the parsonage, to Ann Mayo, and Ann Mayo and her husband conveyed to Elizabeth P. Marrs.

The bill complains of this as a breach of the trust, and seeks the appointment of a trustee to execute the trust, and that the conveyances be set aside, and the bishop decreed to convey to such trustee as the court may appoint.

Each communicant is alike and equally interested as these complainants. All derive a common interest from the voluntary association; and as between the association and strangers to it, there is no separate, private, individual interest. Possibly as amongst themselves, such equities might arise. But no such equity is presented by this bill.

The general rules in equity require all persons materially interested in the subject or object of the suit, however numerous, to be made parties, complainants or defendants, that all may be provided for, and protected by the decree. Story, Eq. Pl. § 72 et seq.; Hill on Trustees, 519; 2 John. C. R. 239; Greenup *v.* Porter et al. 3 Scam. R. 65; Scott *v.* Moore et al. Ib. 315; Willis et al. *v.* Henderson, 4 Ib. 20; Spear *v.* Campbell et al. Ib. 426; Montgomery *v.* Brown, 2 Gilm. R. 581; Hoare *v.* Harris, 5 Ib. 24; Webster *v.* French, 5 Ib. 254. To these rules there are exceptions, but no suggestion or averment in this bill presents a case for dispensing with the other communicant members of this congregation. There is no averment that they are out of the jurisdiction, nor are we prepared to say that an exception to the rule is predicable here upon that ground, under our statute providing for service on non-residents by publication, or by delivery of copies and notice. Rev. Stat. 1845, p. 94, §§ 8–12. And the remark may equally apply to "unknown persons" who may also be sued and served under the statute, and whose interests are equally bound by a decree.

Ib. p. 98, §§ 41, 42.   The only averments in relation to the other communicant members of this congregation and church are, "that the persons who contributed, and by whose charity the same was done, are too numerous to be made parties to this bill, amounting in number to several hundred, and many of whom are unknown to your orators."

The foregoing remarks would apply to making parties defendants.   Non-residents may sue here, and no exception would therefore arise.   The only grounds presented, are, however, the great number of communicant members of the congregation, many of whom are unknown.

Those who are unknown would of course fall within the exception as to making them complainants.   And so numerousness falls within the same exception.   Story, Eq. Pl. § 94 et seq.; Cockburn v. Thompson, 16 Ves. R. 329; Wood v. Dummer, 3 Mason, R. 317.

But in such cases it is practicable, and the court generally requires the bill to be filed, not only in behalf of the complainant, but also in behalf of all other persons interested, who are not directly made parties, (although they are in a sense thus made so,) so that they may come in under the decree, and take the benefit of it, or show it to be erroneous, or entitle themselves to a rehearing.   Story, Eq. Pl. § 96 et seq.; Martin v. Dryden, 1 Gilm. R. 209; Montgomery v. Brown, 2 Ib. 581.   And in cases of voluntary associations, like this, equity will not sustain a bill by part, unless the others be made defendants, or they are made parties by suing, also, for and on their behalf. Story, Eq. Pl. § 107 et seq. for illustrations; Hill on Trustees, 519, 546; 2 Pet. R. 584.   The same principle is recognized where the officers, or a committee of a church sue, as in 2 Pet. R. 584; 8 B. Monroe, R. 70, 212.   And so it was recognized in The County of Pike v. The People, on relation of Metz, 11 Ill. R. 202.   If parties in interest refuse to join in bringing suit, they may be made defendants, although their true interest may be with the complainant.   Smith v. Sackett, 5 Gilm. R. 534.   Where it is wholly impracticable to make them parties, as where the State should be the party, but by law she may not be sued, in such case the exception has its full force. Parties in interest shall not be denied justice, but may proceed without and against those who may be joined.

The case before us falls within the exception to the general rule on account of the numbers, and part being unknown; which may excuse their being made parties by name.   But the bill has not been framed within the exception.   It should have been filed for and on behalf of all the other communicant members,

or some grounds shown why they could not be made complainants in this way. And if prevented by their refusal they should have been made defendants, which could have been done even as to those whose names were "unknown," under our statute.

So apparent is the effect of any decree that could be made on the merits, upon the interests of all the other numerous members of this congregation, that we must sustain this objection, even if now taken for the first time. Or taking a different view of it, in the light that not being before the court, their rights and interests could not be affected by a decree, then no valid and effectual decree can be made which would not leave the same question open to be litigated in a hundred or more similar suits, by different members of the same congregation.

For want of the necessary parties, we feel that it would be improper to decide the many important questions presented in the bill. Decree affirmed.

*Decree affirmed.*