ORAMEL S. HOUGH

*v.*

CHARLES E. COOK.

| 69  581|
|147  476|

1. EVIDENCE—*rule as to relevancy.* To determine the relevancy of evidence, the question is not whether it is sufficient of itself to make out the case or defense, but whether it tends to prove it.

2. SAME—*on question of the value of work done.* In a suit to recover the value of materials furnished and work done in repairing a building, and putting up an ice house, where the plaintiff proved the number of days employed in the same by himself and employees, and its value per day, there being no proof the same was to be paid for by the day, the defendant offered to prove, by a witness shown to be competent to give an opinion, what it was reasonably worth to put the lumber into the house, the amount of lumber used having been shown by the plaintiff, which the court refused to admit: *Held,* that the court erred; that the witness should have been allowed to testify. If the plaintiff was delayed by special circumstances, proved by the plaintiff, increasing the cost of the work, it was for the jury to determine from the evidence to what extent those circumstances increased the cost.

3. SAME—*each party has a right to give testimony on his theory of the case or contract.* Where there is a dispute as to the terms of a contract under which materials are furnished and labor performed, as to the measure of compensation, and the evidence respecting the same is conflicting, each party has a right to give the jury evidence tending to support his theory of the case, and let the jury determine, under proper instructions, what consideration it is entitled to. It is not for the court to determine as to the preponderance of the evidence.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. GOOKINS & ROBERTS, for the appellant.

Messrs. RUNYAN, AVERY, LOOMIS & COMSTOCK, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was assumpsit, by appellee against appellant, to recover the amount claimed to be due on account of certain materials

furnished, and work and labor done and performed by appellee for appellant, at his request.

Appellant pleaded the general issue, and filed therewith an affidavit of merits, and also a special plea of set off of $1000.

It appears, from the record, that on the trial in the court below the plaintiff gave evidence tending to show that in November, 1871, the defendant was about to repair a building at the corner of Canal and DeKoven streets, in the city of Chicago, to be used as a packing house for packing pork, and to erect a building adjoining to it for an ice house. The plaintiff was a carpenter and builder, and being introduced to the defendant, it was agreed between them that the plaintiff should do the work of such repairs and building. The defendant showed the plaintiff the building to be repaired, and the site for the erection of the ice house. There was a conflict of evidence as to whether the plaintiff agreed with the defendant to furnish him estimates of the cost of the work to be done, the plaintiff testifying that before the commencement of the work he informed the defendant that the nature of the work of repairing the packing house and the building of the ice house was such, that he could not furnish any estimates of such cost, and that he never agreed to furnish such estimates ; the defendant testifying that the plaintiff did agree at the time the plaintiff was first introduced to him, and at several times during the progress of the work, to furnish such estimates. It was proved that the plaintiff went on, and did the work of repairing the packing house, and of building the ice house.

The plaintiff proved that he furnished the material for the repair of the packing house and for the building of the ice house, charged for in the bill of particulars, about which there was no dispute.

The plaintiff gave evidence, tending to show that he did, in and about the work, by himself and his employees, perform the number of days' work charged in the bill of particulars, and that the same were of the value charged therein ;

and the defendant gave evidence, tending to show that such days' work were of less value than the amount so charged therefor. There was no evidence of any agreement between the parties that the work should be charged or paid for as by day's work. The defendant gave evidence tending to show that he had furnished lumber and shingles for the buildings amounting to 95,885 feet of lumber, and 3000 shingles. The defendant called J. T. Searle as a witness, who testified that he resided at Niles, Michigan; that he was a builder, and had followed that occupation for twenty years; that he knew the prices of building in Chicago, and had known what such prices were for two years. The defendant then offered to prove by the witness that the reasonable price for putting up lumber into an ice house in the fall of 1871, and winter of 1871 and 1872, was from eight to nine dollars per thousand feet; which testimony was objected to by the plaintiff, on the ground that the evidence of the plaintiff showed that a portion of the repairs done was a store front to the packing house, raising of the same, putting in a large amount of oak plank, and that witness, whose testimony was offered, had not seen the building in controversy, and did not know the expense or character of repairs, and therefore was not a competent witness to testify as to the value of putting lumber in the building; and on the further ground that his testimony was irrelevant, as it could give the jury no basis upon which to assess damages; which evidence was excluded by the court, to which the defendant at the time excepted. And the defendant also called as a witness one J. W. Garvey, who testified that he was a carpenter and builder, and that he had carried on the business in Chicago for nine or ten years; that he had seen the buildings in question, and he described the kind of lumber put into them.

The defendant then offered to prove by this witness what it was reasonably worth to put the lumber into the packing house. To this evidence the plaintiff objected, upon the same ground upon which he objected to the testimony of the wit-

ness J. T. Searle, and on the further ground that it had taken more days' labor to do the work in question; on account of resistance to the work and hindrance and delay occasioned by defendant's tenants in possession of some portion of the premises, than it otherwise would have taken, and that therefore the reasonable value of the work done by the plaintiff could not be estimated by what it was worth to put rough lumber in a building, where there was no obstruction, hindrance or delay. The court sustained the objection, and refused to permit the testimony to be given in evidence to the jury, to which the defendant at the time also excepted.

Inasmuch as there was a conflict in the evidence, as to the agreement between the parties, pursuant to which the work was done, it was the province of the jury, and not of the court, to determine in favor of whom was the preponderance, and for that purpose evidence tending to support the claim of either party was admissible. To determine the relevancy of evidence, the question is, not whether it was sufficient of itself to make out the defense, but, would it tend to prove the defense. *Rogers* v. *Brent*, 5 Gilm. 587 ; *Slack* v. *McLagan*, 15 Ill. 251.

The plaintiff having given evidence to support his theory of the case, it was then competent for the defendant to rebut it, by introducing evidence upon his theory, showing that the value of the materials furnished, work done, etc., was less than that claimed by the plaintiff. And the witness Garvey having shown that he was qualified to answer the question propounded him, by possessing the requisite knowledge, should have been allowed to answer the question.

Even if there were special circumstances proved by the plaintiff, increasing the cost of the work beyond what it would otherwise have been, it was for the jury to determine, from the evidence, to what extent those circumstances increased the cost, and the court was not authorized to assume anything upon the subject. The witness should have been allowed to answer the question propounded, and it would then have been

Syllabus.

competent, if desired, upon cross-examination, to have ascertained to what extent the special circumstances claimed would have increased the cost of the work, in the estimation of the witness, or this might have been shown by other competent evidence, The defendant was entitled to give to the jury any evidence tending to support his theory of the case, and it was for the jury to determine, under instructions of the court, what consideration it was entitled to receive.

For the error indicated, and we perceive no other in the record, the judgment of the court below will be reversed and the cause remanded.

*Judgment reversed.*