# JAMES S. JACKSON, State's Attorney, *ex rel.*

## *v.*

## WILLIAM NORRIS *et al.*

1. CHANCERY—*will relieve against fraudulent disposition of property by municipal authorities.* Courts of chancery will interfere to prevent municipal councils from abusing powers relating to property and funds intrusted to them, to be exercised in conformity with law, for the benefit of the incorporated place or its inhabitants, and will relieve against fraudulent dispositions of property.

2. The powers conferred upon municipal corporation officers, in respect to the corporation property, are public trusts, and the property owned by the corporation is held by them in trust, and, hence, if these powers are abused, as, if corporate property is collusively alienated, there is a breach of trust of which equity will take cognizance.

3. A court of equity will entertain a bill, on behalf of tax-payers, for relief against an act of misappropriation of public corporate funds, after it has been committed, as well as to enjoin the commission of such act when meditated.

4. Where the authorities of a municipal corporation misappropriated funds of the corporation, by way of donation, to pay the debts of a private corporation to a bank, and the bank collusively received the funds so misappropriated, and the conduct of the officers of the municipal corporation was such as to preclude the idea that they would voluntarily bring suit in the name of the municipal corporation for the recovery of the money, it was *held,* that equity would grant relief on a bill filed by the State's Attorney on the relation of a tax-payer of the municipality, against the bank, the municipal corporation and the officers thereof, to compel the refunding of the money and to enjoin the payment of it to the bank, on the order for the donation thereof.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. HENRY C. GOODNOW, for the appellant.

Mr. M. SCHÆFFER, and Mr. W. W. WILLARD, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, filed by James S. Jackson, State's Attorney in and for the county of Marion, in this State, on the relation of Levi Fellenbaum, on behalf of himself and all others, inhabitants of Salem, in said county, having taxable property within the corporate limits of said city of Salem.

The substance of the case made by the bill is, that on the third day of February, 1873, at a meeting of the city council, the mayor and aldermen of the city of Salem appropriated and donated to the Salem Manufacturing Company the sum of $1000, and ordered the same to be paid to the said company on the first day of June, 1873, to enable the company to pay off and discharge its debts, and ordered the mayor and clerk of the city to draw an order on its treasurer for such sum, so payable; that the order was accordingly issued and delivered to the company for such purpose, and afterward the manufacturing company transferred and delivered the order to the Salem National Bank, to which the company was largely indebted; that at the time the bank received the order, it well knew that the said appropriation and donation so made by the mayor and aldermen were made to the Salem Manufacturing Company for the purpose of enabling it to pay its indebtedness to the bank; that the mayor and aldermen, learning steps were about to be taken to enjoin the payment of the order, instructed the treasurer of the city to pay it before the first day of June, 1873, to-wit: about the first day of May, 1873, to prevent such injunction; and that before legal proceedings could be commenced to enjoin the payment, the treasurer paid the said sum of $1000 to the bank, out of moneys in the treasury of the city which had been raised by taxation and from licenses.

The bill was filed against the bank, the manufacturing company, the mayor and aldermen, the city of Salem and its treasurer, asking to have the money restored to the city treasury, and that the treasurer be enjoined from paying the money, when paid into the treasury, out again on such appropriation.

Demurrers were filed to the bill and sustained, and the bill dismissed. The complainants bring the case here by appeal.

The only objections taken to the bill are, that equity has no jurisdiction in such a case, and that if there is any right to relief growing out of the facts, it is in the city of Salem against the Salem National Bank, and not in the State's Attorney or the relator.

There is no pretense that there was any legal authority to make this donation of $1000 to the Salem Manufacturing Company. It was an evident misappropriation of corporate funds.

The court of chancery will interfere to prevent municipal councils from abusing powers relating to property and funds intrusted to them, to be exercised in conformity with law, for the benefit of the incorporated place or its inhabitants, and will relieve against fraudulent dispositions of corporate property, it being held that the powers conferred upon such corporation officers, in respect to the corporate property, are public trusts, and the property owned by the corporations is held by them in trust; and, hence, if these powers are abused, as, if corporate property is collusively alienated, this is a breach of trust of which equity will take cognizance. Dillon on Corp. § 729 et seq.; 2 Spence Eq. Jur. 34 ; *Att. General* v. *The Mayor of Dublin*, 1 Bligh N. R. 312 ; *Att. General* v. *Mayor of Liverpool*, 1 Mylne & Craig, 171; *Frowin* v. *Lewis*, 4 Mylne & Craig, 249; *Sherlock* v. *Village of Winnetka*, 59 Ill. 389; *New London* v. *Brainard*, 22 Conn. 552; *Scofield* v. *Eighth School District*, 27 id. 499.

This court has repeatedly held, that equity will entertain jurisdiction of a bill, on behalf of tax-payers, to enjoin the misapplication of the moneys of a municipal corporation. *Colton et al.* v. *Hanchett et al.* 13 Ill. 615; *Drake et al.* v. *Phillips et al.* 40 id. 388; and see *The Mayor, etc., of Baltimore* v. *Gill et al.* 31 Md. 375; *Morrill* v. *Plainfield*, 45 N. H. 126.

The same ground of equitable jurisdiction which would cause equity to interfere to enjoin a meditated misappropriation of corporate funds, would seem to support a bill for relief against such act of misappropriation after having been consummated.

According to the showing of the bill, the bank collusively received the money in question, with knowledge, at the time, of its being misapplied. We regard the bill as making a case which comes within an acknowledged head of equity jurisdiction, that of a breach of trust in relation to the administration of property, in which the bank is so implicated as to be chargeable, as well as the individual officers who made the wrongful appropriation.

The managing officers of the city took too active an interest in bringing about the misapplication of the money, to admit the idea that they would voluntarily bring suit, in the name of the city, for the recovery of the money. Their conduct in the matter, as alleged in the bill, might be taken as quite strong evidence that they would refuse to bring the suit. And when a party should be a complainant in a bill, and refuses to become such, he may be made a party defendant. *Smith* v. *Sackett*, 5 Gilm. 534; *Whitney* v. *Mayo*, 15 Ill. 251. The city has here been made a party defendant. On this latter point, the author first above quoted remarks: "There can be no doubt but that the corporation may, in its *own name*, bring suits, in proper cases, to be relieved against illegal or fraudulent acts on the part of its officers. Since, however, experience has shown how liable these corporations are to be betrayed by those who have the temporary management of their concerns, it would never do for the courts to hold that relief against illegal acts could *only* be had by an authorized suit, brought by and in the name of the corporation." Dillon on Corp. § 736.

The right to the aid of equity to prevent a threatened illegal corporate act, like the one here committed, appears to have been uniformly held. The difference of opinion has been as to the proper party plaintiff, whether citizens and tax-payers, in their own names alone, could maintain the suit, or whether the public, by its authorized public officer, should not institute the proceeding. But that question is here avoided, by the bill having been brought in the latter form.

We are of opinion the demurrers to the bill should have been overruled, and the decree is reversed.

*Decree reversed.*