Henry Harper et al. v. The City of Grand Rapids and William Bragg, Marshal.

*Municipal corporations—Public improvements—Acceptance of work —Finality.*

Where property owners, whose lands are liable to assessment for a public improvement, fail to agree with the contractor as to the quality of the work being done, and at their request examinations are made from time to time by order of the common

council, which, after a final investigation, accepts and pays for the work, its action, in the absence of fraud, is final, the case being ruled by *Motz v. City of Detroit,* 18 Mich. 515; *Dixon v. City of Detroit,* 86 Id. 520.

Appeal from superior court of Grand Rapids. (Burlingame, J.) Submitted on briefs May 7, 1895. Decided May 28, 1895.

Bill to restrain defendants from collecting an assessment for a special improvement. Complainants appeal. Decree affirmed. The facts are stated in the opinion.

*C. O. Smedley* (*Benn M. Corwin,* of counsel), for complainants.

*William Wisner Taylor,* for defendants.

LONG, J. The bill in this cause was filed by Henry Harper and some 60 other citizens of Grand Rapids to obtain a perpetual injunction restraining the defendants from proceeding with the sale of certain parcels of their lands for the collection of taxes growing out of a special assessment for street improvements. The contract was let for grading and paving Oakland avenue to Charles Prange. He entered upon the work under the contract, and, after it had progressed for a time, petitions were presented by the complainants to the board of public works, and to the common council of the city, that an examination of the work be made, as it was not being done in accordance with the contract. Examinations were made, under the order of the council, from time to time. Many petitions were presented, each stating that the work was not in accordance with the contract; and, after the work was completed, remonstrances were presented to the council, asking that the council refuse to approve the work, and withhold the pay from the contractor. The council took final action in the matter, approved the work, audited and paid the contractor's accounts in full, ordered an assessment dis-

trict to be laid off, and the tax assessed upon the property benefited. The roll was made, and the proper notice given, and the marshal of the city is proceeding to collect the tax. Upon the filing of the bill, an injunction was issued restraining the collection. Proofs were taken in open court, and on the final hearing the superior court dismissed the bill.

It is true that the property owners have the right to have the contract performed substantially, but as was said in *Dixon v. City of Detroit*, 86 Mich. 516, 520:

"We have never interfered with the discretion of the authorized agents of municipalities, in the exercise of the powers granted by the Legislature, except when there was a want of jurisdiction in the proceedings. Here the matters complained of are not jurisdictional, but are irregularities not affecting the jurisdiction, and mainly for the reason that the work and material were not such as the contract called for. That such objection is no defense to the enforcement of the assessment was directly held in *Motz v. City of Detroit*, 18 Mich. 515."

No fraud is shown in the present case. All that can be said is that the parties whose lands are assessed did not agree with the contractor as to the quality of the work; but the common council, after an investigation, accepted the work, and paid the contractor, thus finding that the work had been done in accordance therewith. The case falls fully within the cases above cited. The court below was correct in dismissing the bill.

The decree below will be affirmed.

The other Justices concurred.