Beyer and another vs. The Town of Crandon and others.

BEYER and another, Respondents, vs. THE TOWN OF CRANDON and others, Appellants.

*December 15, 1897 — January 11, 1898.*

*Towns: Highways: Illegal contracts: Collusion: Restraining collection of judgment: Rights of taxpayers: Defect of parties: Demand upon officers to bring action, when unnecessary: Pleading: Equity: Fraud: Evidence.*

1. A defect of parties plaintiff cannot be reached by a general demurrer to the complaint.

2. In an action by taxpayers of a town to restrain the collection of a judgment against the town on the ground that it was fraudulent and illegal, allegations of the complaint that the town officers, at the time of the commencement of the action, were in collusion with the owner of the alleged fraudulent claim to enforce its payment out of moneys raised by taxation and had caused a similar action instituted in its name to be discontinued, are *held* to state the existence of conditions rendering ineffectual, and therefore unnecessary, a demand upon the proper town officers to bring the action.

3. In order that a road may become a legal highway under sec. 1295, R. S. 1878, by reason of its having been laid out and recorded and worked for three years, there must be at least an order laying out the highway, made by the proper officers and filed in the office of the town clerk of the town in which it is situated.

4. A contract with a town for work upon a highway having no legal existence is illegal.

5. A contract with a town for work upon a highway, which expressly provided that the work should be paid for out of a tax to be levied the next year, after the term of office of the supervisors would have expired, there being no money in the treasury applicable to the work or taxes levied or about to be levied therefor, is illegal and void.

6. Where officers of a town contract in excess of their power, no liability against the town is thereby created, legal or equitable, from the mere fact that the other party to the contract has performed and the town has had the benefit of the work, the contractor being chargeable with knowledge that no authority existed for creating a debt against the town for work under the contract.

7. In an action to restrain the collection of a judgment against a town, founded on an illegal contract, evidence that the proper town officers knew the foundation of the claim when the suit to recover therefor was brought, and not only failed to defend but advised its being put into judgment, is *held* sufficient to establish collusion and fraud.

APPEAL from a judgment of the circuit court for Forest county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action by taxpayers of the county of Forest against the town of *Crandon*, in said county, and the town treasurer of such town, and the executors of the estate of R. B. Langdon, deceased, to enjoin the payment of a judgment against such town rendered in favor of Langdon in his lifetime, and owned by such executors as his personal representative. The ground upon which it was sought to enjoin the payment of the judgment was that it was fraudulent and illegal, and that the officers of the town permitted it to be entered with knowledge of the facts. The issues formed by the pleadings were tried by the court, which resulted in findings of fact and conclusions of law, in substance, that:

(1) Plaintiffs were taxpayers of the town of *Crandon* as alleged in the complaint;

(2) Proceedings were had to lay out a certain highway in the town, called the "North Road," but the law in that regard was not complied with;

(3) No tax was levied or money raised to be expended on said road;

(4) October 12, 1892, the town board let a contract to one Bailey for doing work on such road for the sum of $600, to be paid out of the tax levy of 1893;

(5) November 29, 1892, the contract was accepted and a bill allowed therefor in the sum of $570, but no claim was laid before the town board of audit of the town;

(6) After the allowance of the claim, Bailey assigned it to R. B. Langdon;

(7) Judgment was rendered in favor of such assignee, with knowledge of the facts on the part of the chairman of the supervisors of the town and the town clerk, July 17, 1893, for $570 damages and $30.10 costs.

Upon these facts the court decided that the road was not legally laid out; that the contract was let without authority of law, and was illegal and void; that the judgment was collusive and fraudulent; and that judgment should be rendered according to the prayer of the complaint.

The facts found by the court, and the conclusions of law, were duly excepted to, and defendants appealed from the judgment.

For the appellants there was a brief by *A. W. Shelton* and *Paul Browne,* and a supplemental brief by *Samuel Shaw,* and oral argument by *Mr. Shelton* and *Mr. Shaw.*

For the respondents there was a brief by *George W. Latta,* attorney, and *John T. Fish,* of counsel, and oral argument by *Mr. Fish.*

MARSHALL, J.    At the commencement of the trial defendants' counsel objected to any evidence under the complaint, which objection was overruled, and error is assigned on such ruling because the action was brought in the name of the plaintiffs alone instead of on behalf of all the taxpayers of the town; and further because there is no allegation in the complaint of a request of the defendant town to bring the action, and a refusal so to do.

It is a sufficient answer to the first ground stated, that if a defect of parties plaintiff exists — and none is perceived — such defect cannot be reached by a general demurrer to the complaint. That is elementary. *Nevil v. Clifford,* 55 Wis. 161.

It is a sufficient answer to the second ground urged in support of the objection that it is expressly alleged that the officers of the town, at the time of the commencement of

the action, were in collusion with the owner of the alleged fraudulent claim to enforce its payment out of moneys collected from taxes levied on taxable property in the town. That shows, reasonably, that a demand upon the town officers to bring the action would have been ineffectual, hence such demand was not necessary as a condition precedent to the right of plaintiffs as taxpayers to proceed in their own names. Unquestionably, where the primary duty of bringing an action for the benefit of a corporation rests with the corporation, an allegation of a demand upon its proper officers to bring such action and their refusal so to do is essential to a cause of action in favor of a member of such corporation, unless the complaint shows the existence of conditions rendering such demand and refusal unnecessary. It has been repeatedly held that where the complaint charges that those in control of the affairs of the corporation are participants in promoting the wrong sought to be redressed, such condition is a sufficient justification for not making the demand, because of the obvious futility of it. *Doud v. W., P. & S. R. Co.* 65 Wis. 108; *Eschweiler v. Stowell,* 78 Wis. 316. So all that is required is that the complaint allege a demand upon the corporation to bring the action and a refusal to comply therewith, or state facts showing, to a reasonable certainty, that the corporation would not respond favorably to such a demand if made. It is considered that the allegations of the complaint in this case, showing that the officers of the defendant town had caused an action instituted in its name to be discontinued, and that they were acting in concert with the owner of the alleged fraudulent claim to secure its payment, sufficiently satisfies that rule.

The next contention made, which calls for consideration, is that the claim was a legal claim against the town, because the evidence shows that the road, under sec. 1295, R. S. 1878, was a legal highway by reason of its having been laid out and recorded and worked for three years, notwithstanding the

law may not have been in all respects complied with; and that the refusal of a finding to that effect, requested by appellants, was error. It is essential to a legal highway, under such section, that it be recorded, that is, that there at least be an order made by the proper officers, laying out such highway, and that it be filed in the office of the clerk of the town in which the road is situated. Proof on that point, in the judgment of the trial court, failed, and we see no good reason for disturbing the decision in that regard. So the case stands with the finding of the trial court as a verity in the case, that the contract, which was the foundation of the alleged fraudulent claim, was for work on a highway not having any legal existence. It follows, necessarily, that the contract was illegal; and it was as clearly illegal for the further reason that there was no money in the treasury applicable to payment for the work, nor any tax levied, nor intended to be levied before the contract was made, or intended to be levied thereafter, during the term of office of the officers who let such contract. The contract expressly provided that the work should be paid for out of a tax to be levied the next year. Town officers have no authority whatever to contract debts to be paid out of taxes to be levied after their term of office expires, when no such taxes are authorized by law or have been voted by the electors of the town, and all such contracts are therefore illegal and void.

But it is said that the claim for the work done on the road is an equitable claim, because the town has the road. We see no good ground for sustaining that contention. The contractor knew, or ought to have known, that no authority existed for making the contract and creating a debt against the town for work under it. So he proceeded at his peril, and cannot be helped out on the ground of equitable estoppel, in that the town has the benefit of the road. If it be true that town officers can contract with a person for work for their town without any authority so to do, under such

circumstances that such person is chargeable with knowledge of such want of authority, and he can yet perform the contract and then recover of the corporation upon the ground that it has received the benefit of his labor, a very easy road to the creation of indebtedness against towns exists, whereby taxpayers can be burdened with ruinous taxation without any adequate means of redress; but such is not the law. On the contrary, where officers contract in excess of their power, no liability against the corporation is thereby created, legal or equitable, from the mere fact that one party to the illegal contract has performed.

It is further said that there was no fraud or collusion shown in obtaining the judgment, therefore that the indebtedness has passed beyond the reach of taxpayers to question it in a suit in equity to restrain the collection of the judgment. Such contention can hardly be maintained in view of the undisputed evidence that the officers of the town knew the foundation of the claim when suit was brought to enforce it. They knew, or ought to have known, that it was not only an illegal but an inequitable claim. Therefore it was their duty to have defended against the claim, and their failure so to do was a fraud upon the taxpayers of the town, whom they represented. They not only neglected their duty to make a proper defense to the illegal claim, but they advised its being put into the form of a judgment. The evidence is conclusive that they colluded with the claimant to enforce payment of his claim in that way, as the only practicable way, under the circumstances, by which he could collect it. E. E. Cook, one of the town board, testified that he notified the owner of the claim that there was no money to pay it, and advised him to put it into the form of a judgment; that he knew it was for work on the alleged illegal road, and that the people were never favorable to it; that the board were in favor of the claim being put into judgment. This, and much other evidence

in the case, amply sustains the finding of the trial court that the judgment was collusively obtained.

The case falls within the principles of *Nevil v. Clifford*, 55 Wis. 161. That case touches this at every point and unfavorably to appellants. The circumstances there were that officers of a school district, without authority of law, contracted for the erection of a school-house. There was performance of the contract on the part of the contractor. Thereafter such officers pretended to accept such building, and caused it to be occupied and used, but without authority from the taxpayers or electors of the district. Subsequently the contractor commenced an action to recover on the contract, and such officers permitted. judgment to be taken against the district. Suit was then brought by taxpayers to enjoin collection of the judgment because illegal and inequitable. The court held on a demurrer *ore tenus* to the complaint, that it did not reach a defect of parties plaintiff, and further, that any taxpayer, or several taxpayers uniting, or one taxpayer on behalf of all, could bring an action to enjoin the payment of a fraudulent judgment; that the contract for the construction of the school-house, being in excess of the authority of the district officers, the claim of the contractor thereon was inequitable as well as illegal; that when the suit was brought on it, it was the duty of such officers, representing the district, to defend; that their neglect so to do, and permitting the suit to proceed to judgment, was a fraud upon the taxpayers of the district; and that any taxpayer could maintain an action to restrain its payment, on the general principle that equity will entertain jurisdiction of a bill on behalf of taxpayers to enjoin the misapplication of moneys of the corporation, and that one or more taxpayers may file a bill to restrain the allowance or payment of an illegal and inequitable claim, such as a judgment fraudulently and collusively obtained.

The foregoing leaves nothing further that need be said in

this case. That under some circumstances a taxpayer may be estopped from challenging the validity of an illegal claim, as by inducing the creation of the debt by his own conduct, by requesting the making or performance of the contract, or by expressly or impliedly assenting thereto, is true, but no such, or any, circumstances appear in this case to estop the plaintiffs from maintaining this action.

*By the Court.*— The judgment of the circuit court is affirmed.