CENTRAL BITULITHIC PAVING CO. *v.* MANISTEE CIRCUIT JUDGE.

COMMON COUNCIL OF CITY OF MANISTEE *v.* SAME.

1. MANDAMUS—INJUNCTION—DISSOLUTION—EXIGENCY.

Where there is no exigency requiring immediate action, an order of a circuit judge refusing to dissolve an injunction will not be reviewed on *mandamus*, unless the question in dispute is one of law only, and such judge has acted without jurisdiction.

2. EQUITY JURISDICTION — MUNICIPAL CORPORATIONS — FRAUD — PAVING CONTRACT.

Where, through the fraudulent conduct of city officers, a paving contract has been departed from in the construction of the work, to the damage of the municipality, equity has jurisdiction to restrain the work upon the complaint of taxpayers.

*Mandamus* by the Central Bitulithic Paving Company, and the common council of the city of Manistee and others, to compel Aaron V. McAlvay, circuit judge of Manistee county, to dissolve a preliminary injunction.   Submitted November 18, 1902.   (Calendar Nos. 19,648, 19,649.) Writs denied January 6, 1903.

On April 7, 1902, the electors of the city of Manistee authorized the issuance of bonds for $125,000 for the purpose of paving its streets.   On July 19th following, a contract was made between the Central Bitulithic Paving Company and one of the relators in the other petition, the common council of the city of Manistee, for paving certain streets at a price of $106,000.   The company entered upon the work.   In August following, two taxpayers filed a bill of complaint against the relators, alleging fraud on the part of the mayor and some of the councilmen in the making of the contract, and fraudulent conduct on the part of certain others who were charged with the execution of the contract, and the company in executing it.   It is charged that the contract has been departed from, to the detriment of the taxpayers of the city and to the benefit of the company, and that these departures have not been made in good faith, but fraudulently and corruptly. This departure from the work is alleged to have been made in the face of the following provision of the contract:

"It is mutually agreed between the parties that no deviations from the contract can be authorized by any inspector of the work, and that the city is in no way bound to accept work not in accordance with the specifications, although such work may not have been objected to by the inspector."

The respondent granted a preliminary injunction.   The relators filed answers denying the material allegations of the bill, and moved to dissolve the injunction, which motion was heard September 2d.   At this hearing the complainants in the chancery suit were permitted to file affidavits in opposition to those filed on behalf of the

relators. After full argument and due consideration, the respondent refused to dissolve the injunction. On November 3d, relators presented their petitions in this court, asking for the writ of *mandamus* to compel the respondent to vacate his order and to dissolve the injunction.

*Dovel & Smith* and *P. T. Glassmire* (*Humphrey & Grant*, of counsel), for relators.

*Frank L. Fowler*, for respondent.

GRANT, J. (*after stating the facts*). Relators waited two months after the order of the respondent refusing to dissolve the injunction, before applying to this court for relief. The respondent returns that no work can be done during the winter, and until May next, and that during this time the case can be heard upon its merits and determined both in the circuit and supreme courts. There is therefore no exigency requiring immediate action.

Relators ask relief on two grounds: (1) Because the showing before the respondent was insufficient to justify the issuance of the injunction; (2) that the court had no jurisdiction to grant it, because the case made by the bill is not one of equitable cognizance.

As to the first ground, no exigency existing, an appeal from the decree, made after hearing and upon the merits, is the proper remedy. Even an abuse of discretion by a circuit judge in granting and maintaining a preliminary injunction will not be reviewed on *mandamus*, when, without injury to the rights of the defendant, the case can be heard upon its merits. Where, however, the court acts entirely without jurisdiction, and the question in dispute is one of law merely, the court will dispose of it in a *mandamus* case. *Ionia, etc., Ins. Co.* v. *Ionia Circuit Judge*, 100 Mich. 606 (59 N. W. 250, 32 L. R. A. 481).

Elaborate and lengthy briefs are filed by the learned counsel for both sides upon this question. Many of the cases cited by the relators were decided upon an appeal from a decree after a hearing and upon the merits. Where fraud is alleged, either in the procuring of a contract or in

its execution on the part of the officers of a municipality and the contractors, in consequence of which damage, it is alleged, will result to the municipality, courts of equity may interfere by injunction to restrain the execution of the contract, if fraudulent, or, if valid, to restrain the fraudulent execution of it.   Corrupt conduct is charged on the part of the mayor and other officers in making this contract.   No complicity appears to be charged against the company.   Were this the only question presented by the pleadings, we are not prepared to say that the bill presents a case for equitable cognizance.   But direct charges are made and verified of unwarranted departures from this contract, by which, if true, the city will be defrauded and the contractor benefited.   We think the allegations are sufficient to give the court jurisdiction of a case of this character.   *Dixon* v. *City of Detroit*, 86 Mich. 516 (49 N. W. 628).

We do not deem it essential to state the several departures from the contract which are alleged to be fraudulently made.   It is sufficient to say that if corruptly made, and if the taxpayers of the city will suffer loss thereby, equity may and ought to interfere seasonably to restrain the illegal action.   The truth of these allegations can be determined only upon the hearing.   The cause was noticed for hearing upon pleadings and proofs at the November term of the circuit court.   It can be speedily disposed of in sufficient season for the renewal of the work in the spring.   Should the complainants neglect to move promptly, the relators can renew their application to the circuit court, in which case a bond should be given to indemnify the contractor, or the injunction dissolved.   Private parties should not be permitted to interfere, even by injunction, with the carrying on of public works, upon charges of corruption, which will depend entirely upon the proof, in cases where the public and the contractor may suffer great and irreparable damages, and where the charges are denied under oath.

Complaint is made that the proper practice was ignored

in permitting the complainants in the chancery suit to file additional affidavits upon the hearing of the motion to dissolve the injunction. This is contrary to the usual practice, but it has its exception. 2 High. Inj. (3d Ed.) § 1603.

The writs are denied.

The other Justices concurred.

---

132     130
f142  ²496

132     130
145    ³655

132     130
149    ³444
f150   ¹286

132     130
156    ¹231