76 P.2d 1155

STATE ex rel. VALDEZ et al. v. MOISE, Judge.

No. 4370.

Supreme Court of New Mexico.

Feb. 12, 1938.

Rehearing Denied March 5, 1938.

Nathaniel Lloyd, of Las Vegas, for relators.

Luis E. Armijo, of Las Vegas, for respondent.

PER CURIAM.

The relators seek to prohibit Hon. Irwin S. Moise, Judge of the Fourth Judicial District of the State of New Mexico, within and for the County of San Miguel, from entertaining jurisdiction of quo warranto proceedings pending before him, the purpose of which is to test their rights to the offices of trustees of the Tecolote land grant. Section 1, c. 77, Laws 1903 (N.M.1929, Comp. St.Anno. § 29-1101), reads as follows: "That the management and control of that certain tract of land, known as the Tecolote land grant, situated in the county of San Miguel in the state of New Mexico and patented by the United States to the town of Tecolote, is hereby vested in a board of trustees, to be elected as hereinafter provided, which said board of trustees shall be a body corporate under the name of the board of trustees of the Tecolote land grant, and with full power under such name to sue and be sued and with the further powers hereinafter enumerated."

The sole question is whether or not quo warranto is the proper proceeding to test the right to the offices of the trustees of the Tecolote land grant.

Our quo warranto statute, N.M.1929 Comp.St.Anno. § 115-104, contains the following: "When action lies. * * * (a) When any person shall usurp, intrude into or unlawfully hold or exercise any public office, civil or military, or any franchise within this state, or any office or offices in a corporation created by authority of this state."

Relators rely upon expressions in our opinions in Kavanaugh et al. v. Delgado, 35 N.M. 141, 290 P. 798, and Merrifield v. Buckner et al., 41 N.M. 442, 70 P.2d 896, and the comments of other courts to the effect that boards of community land grants were only quasi corporations. After quoting definitions of the word "quasi," they argue that the board of trustees of Tecolote land grant created by the act of the Legislature, quoted above, is not a corporation within the meaning of our quo warranto statute. We find the position of relators untenable. This question was considered by us in Montoya v. Gurule, 39 N.M. 42, 38 P. 2d 1118, where we said, in effect, that quo warranto would lie to test the right to the office of trustee of the Tecolote land grant.

We conclude that the restraint laid upon the district court by the issuance of the alternative writ of prohibition should be lifted, the writ recalled, and the petition dismissed at the cost of petitioners.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, BRICE, and ZINN, JJ., concur.