332 P.2d 1020

Phillip BIBO, Plaintiff-Appellant,

v.

The TOWN OF CUBERO LAND GRANT, a corporation, Jesus Baca, President, Frank Chavez, Secretary-Treasurer, Cecilio Soto, Manuel Saavedra, J. Sanchez, Members of the Board of Trustees of the Town of Cubero Land Grant, a corporation, Defendants-Appellees.

No. 6453.

Supreme Court of New Mexico.

Dec. 19, 1958.

104

Gilberto Espinosa, Albuquerque, for appellant.

Tibo J. Chavez, Belen, for appellees.

McGHEE, Justice.

The plaintiff, Phillip Bibo, prosecutes this appeal from a declaratory judgment holding void his rights in an alleged lease of lands from the Town of Cubero Land Grant in Valencia County, New Mexico.

The Town of Cubero Land Grant is a community grant organized under the provisions of §§ 8–1–1 to 8–1–19 N.M.S.A., 1953, applying to grants of land in New Mexico by the government of Spain or of Mexico to any community, town or pueblo, etc., which did not incorporate under the authority granted by the Act of the Legislative Assembly of February 26, 1891, Chapter 86 of the Session Laws of 1897, now §§ 8–2–1 to 8–2–18 N.M.S.A., 1953.

Under the provisions of § 8–1–3, supra, the Board of Trustees, the managing body of the grant, among other powers, is authorized to sell, convey, lease, or mortgage the common lands subject, however, to a restriction contained in § 8–1–11, supra, which provides as follows:

"No sale, mortgage or other alienation of the common lands within such grant shall take effect unless authorized by a resolution duly adopted by the said board of trustees, and until after approval of such resolution by the district judge of the district within which said grant or a portion thereof is situate."

We assume for purposes of this opinion that a lease for a term of years comes within the term "or other alienation" since neither appellant nor appellees have argued this question.

For fifteen years prior to December 26, 1950 the plaintiff and his brother occupied and used for grazing purposes approximately 2,000 acres of the common lands of the

community grant under a written lease entered into by the then commissioners on behalf of the defendant, the Town of Cubero Land Grant.

On December 26, 1950 a new lease was executed providing for increased consideration and a term of five years beginning January 1, 1951 with an option to renew for a period of five more years.

The minutes of the meeting held by the Board to discuss the Bibo lease were translated as follows:

"On this 21st day of December, 1950, the Cubero Land Grant Commission met to discuss about the lands that the Bibos have. In the meeting, it was proposed again to rent for another period.

"Assessing against them the sum of $200.00 for the year. There was present in the meeting Alfonso Chavez, Lauro Baca, Teodoro and Jose M. Sanchez. Absent, Frank Chavez, Teodoro Arvizo and Estanislado Chavez."

As the testimony indicated, and as appears from its absence in the minutes, the Board never formally voted on the lease, and, as found by the trial court, no resolution was ever adopted by the Board authorizing such lease nor was a resolution ever presented by either party to the district court for approval, as required by § 8–1–11, supra.

On December 10, 1957 the Cubero Land Grant through its attorney requested the plaintiff to vacate the premises as of January 1, 1958, on the ground that the lease was not legal.

The plaintiff contended in a declaratory judgment action that he had exercised the option to renew the lease at its expiration period December 31, 1956 by paying the rental for 1957, which was accepted by the Board of Trustees, and for 1958 by depositing with the court the 1958 rental which the Grant refused to accept and, further, that the failure of the Board to present the lease to the district court for approval made the lease one irregularly issued and therefore merely voidable at the instance of the Board which is now estopped from asserting its irregularity by accepting the benefits therefrom for a period of at least six years, including one year of the renewal period.

Thus, the sole issue presented is whether a written lease of a portion of the common lands of the grant for a period of five years with an option to renew for five more years is void or merely voidable in the absence of compliance with the provisions of § 8–1–11, supra.

■ The law is settled in this jurisdiction that a community land grant is in the nature of a quasi-municipal corporation and is governed by the rules of law applicable thereto. Kavanaugh v. Delgado, 1930, 35 N.M. 141, 290 P. 798; Merrifield v. Buckner, 1937, 41 N.M. 442, 451, 70 P.2d 896.

This is so, notwithstanding that a grant organized under the provision we are here considering is not in fact a corporation. See Opinion of Attorney General, 1943–44, No. 4497.

■■■ The power of the Board of Trustees comes from the statutes providing for its creation. Merrifield v. Buckner, supra. Where the mode of exercising this power is also prescribed by the statutes, there must be substantial compliance therewith. 3 McQuillin, Municipal Corporations, 597, § 10.-09; Fancher v. Board of Com'rs of Grant County, 1922, 28 N.M. 179, 210 P. 237; Dietrich v. City of Deer Lodge, 1950, 124 Mont. 8, 218 P.2d 708.

Here, there was anything but substantial compliance with the statutory restrictions on the power to lease the common lands for grazing purposes. But it is argued that the provisions of the statute are merely directory and not mandatory and that therefore the acceptance of the benefits of the lease estops the Grant officials from asserting its invalidity.

The words of the statute, "No sale * * * shall take effect unless * * * and until * * *" suggest, however, that the legislature intended this provision to be mandatory.

Further, an examination of the history of this statute reveals that the 1913 amendment to the original provision substituted the requirment of the approval of the district court for that of the approval of a majority of the qualified voters of such grant, the purpose no doubt being for the protection of the owners of common interests in the land grant against fraud, collusion, mistake or iniquities, as well as for the convenience of the Board in carrying on business for the grant owners.

■■■ We believe that the approval of the district · court is as essential to the validity of a transaction coming within this provision as the approval of a majority of the qualified voters would have been under the old provision. Cf. Hagerman v. Town of Hagerman, 1914, 19 N.M. 118, 141 P. 613, L.R.A.1915A, 904.

Next it is urged that it was the duty of the Board of Trustees to present the lease to the district court for approval and that failure to do so created a situation for estoppel

■■■ We are of the opinion that we need not decide this question, however, since there is evidence to sustain a finding that there never was a resolution authorizing the lease which could have been submitted to the district court for approval as provided for by the statute. Nevertheless, we believe the proposition settled that persons dealing with quasi-municipal corporations, as well as municipal corporations, are required, at their peril, to ascertain whether statutory requirements relating to the subject of the transaction have been complied

with. See Welch v. City of Lima, 1950, 89 Ohio App. 457, 102 N.E.2d 888.

Hence, in the view we take of the case, it is unnecessary to consider plaintiff's arguments concerning voidable contracts, estoppel by accepting the benefits therefrom, and ratification thereof.

The judgment of the trial court will be affirmed.

And it is so ordered.

LUJAN, C. J., and COMPTON and SHILLINGLAW, JJ., concur.

SADLER, J., not participating.