452 P.2d 190

**STATE of New Mexico, for the Use of Truman THORNTON, Plaintiff-Appellant,**

v.

**HESSELDEN CONSTRUCTION COMPANY and United States Fidelity & Guaranty Company, Defendants-Appellees.**

**No. 8654.**

Supreme Court of New Mexico.

March 24, 1969.

A. H. McRae, James E. Womack, John C. Wheeler, Albuquerque, for appellant.

Foley, Smith & Piper, Albuquerque, for appellees.

OPINION

CARMODY, Justice.

Plaintiff, as a subcontractor, sought to recover the sum of $3,357.97 which he claimed was owed on two painting subcontracts and the further sum of $3,803.54 for extra work. Following trial to the court, judgment was entered in favor of the defendants, and plaintiff appeals.

The two questions raised on appeal are primarily matters of substantial evidence and relate to the findings made by the trial court, or its refusal to find as requested by the plaintiff.

The defendant construction company was the prime contractor for certain buildings at New Mexico State University. It entered into subcontracts with the plaintiff Thornton whereby he was to do painting and finishing work in accordance with the plans and specifications on two separate buildings, the total price for both being $28,457.00. $25,099.03 was paid, but the re-

mainder due on the contracts and certain extras was not. The trial court found that the only extras for which the contractor agreed to pay amounted to $901.00 and that the contractor did not authorize other extras claimed by the plaintiff, nor did it agree to pay him any additional amounts. The trial court further found that the plaintiff failed to prove any definite amount to which he might be entitled by reason of damage or changes in construction, and also found that Thornton did not perform any work or furnish any labor, other than the $901.00 item mentioned, which he was not required to do under the subcontracts. The court then determined that the plaintiff left at least one of the jobs before it was completed, did not return, and failed to finish the painting; as a result, Hesselden was required to complete the job, and did not agree to do so or bear the expense thereof. The court found that the cost of the completion by Hesselden was $4,379.70, which exceeded the remaining subcontract balances plus extras. From the findings summarized above, the court concluded that the cost to Hesselden exceeded the balances and extras and plaintiff could not recover. As a result, judgment was entered that the plaintiff take nothing and the case be dismissed.

Plaintiff first complains that the court erred in its refusal to find that the plaintiff was entitled to recover the reasonable value of work performed outside the written contract. In making this argument, plaintiff makes what should probably be termed a generalized attack upon certain findings without naming them and actually failing to challenge any one of the trial court's findings. As a matter of fact, even in making the generalized attack, plaintiff has failed to set forth any of the testimony which supported the findings and has merely cited general testimony which might be construed to the contrary. In any event, the generalized attack on the findings must fail under the provisions of our rules and many decisions. Michael v. Bauman, 76 N.M. 225, 413 P.2d 888 (1966); Scott v.

Homestake-Sapin, 72 N.M. 268, 383 P.2d 239 (1963); Bogle v. Potter, 68 N.M. 239, 360 P.2d 650 (1961); and Gale, Post No. 2182 V. of F. W., of Farmington v. Norris, 53 N.M. 58, 201 P.2d 777 (1949). As is pointed out in the above cases, as well as in many others, under such a situation as exists here, plaintiff is bound by the findings of the trial court. Although the findings of the trial court do not mention quantum meruit as such, nor is it named in the conclusions of law, nevertheless it is quite plain that the court considered plaintiff's claim for additional compensation and found it wanting except to the extent stated. Therefore, there is no merit in the challenge made by the plaintiff.

Plaintiff's second and last point is directed toward the trial court's refusal to find that the parties mutually agreed to release the plaintiff from further liability prior to the completion of the contract. Admittedly, the court did not specifically find that there was an agreement as claimed by the plaintiff which would have released him from liability for completing the contract. Nevertheless, the court found that Thornton did not complete his contract as required and that a substantial amount remained to be done. As a part of one of the court's findings, it is stated, "There was no understanding or agreement between plaintiff and the defendant Hesselden Construction Company that after Thornton left the job, * * * defendant * * * would complete the painting * * * or that it would bear the expense of such completion." Plaintiff's complaint seems to be that the court refused to believe that there was an agreement as claimed by the plaintiff, and instead accepted the defendant's version of the circumstances surrounding the abandonment of the contract by Thornton. We do not believe there was any necessity for the court to find as requested by the plaintiff. As a matter of fact, the court refused to make such a finding upon the plaintiff's request. It is settled beyond argument in this jurisdiction that failure to find an issue on which a party has the burden of proof con-

stitutes a finding to the contrary. Stien-baugh v. Payless Drug Store, Inc., 75 N.M. 118, 401 P.2d 104 (1965); Brundage v. K. L. House Construction Company, 74 N.M. 613, 396 P.2d 731 (1964); and Herrera v. C & R Paving Company, 73 N.M. 237, 387 P.2d 339 (1963). There is no merit in plaintiff's contention.

Thus the findings of the trial court must be the basis for decision in this court. Kerr v. Akard Brothers Trucking Company, 73 N.M. 50, 385 P.2d 570 (1963). It is not for us to substitute our judgment for that of the fact-finder in the situation here present.

The judgment will be affirmed.

It is so ordered.

NOBLE, C. J., and MOISE, J., concur.