565 P.2d 664

John W. RAMMING, J. T. McGuckin and G. R. McNary, Plaintiffs-Appellees,

v.

Bonnie BELL, aka Bonnie Evans Bell, Defendant-Appellant,

and

Jeremy Chisholm, Garnishee.

No. 11214.

Supreme Court of New Mexico.

June 20, 1977.

Mitchell, Mitchell, Alley & Morrison, James B. Alley, Jr., Santa Fe, for appellant.

William H. Carpenter, Albuquerque, for Ramming.

Adams & Foley, Quincy D. Adams, Albuquerque, for McGuckin & McNary.

White, Koch, Kelly & McCarthy, Santa Fe, for garnishee.

OPINION

McMANUS, Chief Justice.

A judgment on a promissory note was entered against appellant Bonnie Evans Bell. Appellant claimed that she was no longer obligated on the note because Ramming (the original holder) released Bell when he became aware of the property settlement pursuant to the divorce between Bell and her husband (who was a co-maker). The property settlement provided that Alfred Bell would assume all of the debts and obligations of the community. The trial court rejected the theory of a release when it adopted the plaintiff's requested findings of fact and conclusions of law. Since the release was oral in nature, the only evidence was the testimony of the parties to the note. We affirm the judgment of the trial court.

The case of *State ex rel. Thorton v. Hesselden Const. Co.,* 80 N.M. 121, 452 P.2d 190 (1969) disposes of this issue. In that case a subcontractor tried to prove that there was an oral agreement to release him from liability for non-completion of the contract. The trial court rejected his theory and the Supreme Court upheld that decision, stating:

> We do not believe there was any necessity for the court to find as requested by the plaintiff. As a matter of fact, the court refused to make such a finding upon plaintiff's request. It is settled beyond argument in this jurisdiction that failure to find an issue on which a party has the burden of proof constitutes a finding to the contrary. (Citations omitted.) There is no merit in plaintiff's contention.

80 N.M. at 122–123, 452 P.2d at 191.

This is an identical situation. The defendant Bell had the burden of proving the affirmative defense of the release and the trial court rejected that theory. It is not up to this Court to substitute its opinion of the evidence. There is sufficient ambiguity in the facts to support the rejection of the theory of a release. Therefore, the opinion of the trial court should be affirmed.

IT IS SO ORDERED.

PAYNE, J., and REUBEN E. NIEVES, District Judge, concur.