676 P.2d 829

**PHOENIX, INC., Plaintiff-Appellee,**

v.

**Thomas C. GALIO, d/b/a Automotive Repair Service, Defendant-Appellant.**

**No. 7184.**

Court of Appeals of New Mexico.

Jan. 26, 1984.

S. Scott Davis, Albuquerque, for plaintiff-appellee.

Elias N. Quintana, Albuquerque, for defendant-appellant.

OPINION

HENDLEY, Judge.

Defendant car mechanic bought plaintiff's car at a foreclosure sale which defendant conducted pursuant to NMSA 1978, § 48–3–13. Section 48–3–13 provides for non-judicial enforcement of a mechanic's lien on cars in the mechanic's possession. Defendant appeals from the court's finding that foreclosure of the lien was invalid because of his failure to comply with two statutory requirements of the enforcement procedure. We affirm.

Melvin J. Hanson is the president and sole stockholder of plaintiff corporation,

Phoenix, Inc. In May 1980, Hanson took a 1975 Lincoln Continental to defendant's repair shop. Defendant did the repair work and asked Hanson for payment on several occasions. When payment was not made, defendant hired an agent to perfect and foreclose a lien on the car. The agent sent notice of the lien claim by certified mail to 3801 Westerfield, N.E., Albuquerque, New Mexico, which was the address of the registered owner of the car, Phoenix, Inc. The notice was not received by either Hanson or Phoenix, Inc. When no bidders appeared at the September 18, 1980, sale, defendant purchased the car for $985.60, the amount of his lien for storage and repairs. Title to the car appears to have been issued to defendant by the motor vehicle division on the following day, September 19, 1980.

At an unspecified time, Hanson learned of the sale from the bank which held a prior lien on the car and had received notice of the sale. On September 19, 1980, Hanson paid defendant $500.00 and regained possession of the car. He returned the car for more repairs in December 1980. In January 1981, defendant sold the car in Las Cruces, New Mexico, after one of his employees drove it to El Paso, Texas, and it broke down. The car was sold without the knowledge or permission of plaintiff corporation or Hanson. Phoenix, Inc. then brought this tort action seeking damages for the unlawful sale of the car.

Following trial on the merits, the court made findings of fact and conclusions of law that defendant converted plaintiff's property by selling the car in January 1981, because the lien sale by which he gained title to the car was void. Plaintiff was awarded $1,337.48, the difference between the fair market value of the car on the date of conversion and the money owed by plaintiff for repair work.

NMSA 1978, Section 48–3–1 creates the mechanic's lien, and Section 48–3–13 provides the optional self-help method of enforcement. Section 48–3–13 provides in part:

**Enforcement of liens; optional methods.**

A. In order to enforce any lien under Sections 48–3–1 * * *. The lien claimant when the property subject to the lien is under his control or in his possession may, after the debt for which the lien is claimed becomes due and payable, serve the person or persons against whom the lien is sought to be enforced with a written notice or *forward to the last-known address of such person*, by certified or registered mail, return receipt requested, a written statement, setting forth *an itemized statement* of the amount of the indebtedness, and if the same be not paid within ten days after the service or mailing of said notice the property may be advertised by posting or publication as provided in Section 48–3–14 NMSA 1978, and sold to satisfy the indebtedness. (Emphasis added.)

On appeal, defendant challenges the trial court's interpretation of the two underlined phrases. Statutory construction of "last-known address" is dispositive.

**Last Known Address**

■ As a conclusion of law, the trial court found that defendant failed to comply with Section 48–3–13 because he "failed to mail [notice of the lien claim] to the last known address of the registered owner, or of the person who brought such vehicle to him for repairs * * *." The court made the following connected findings of fact: defendant requested payment from Hanson; defendant never mailed a statement of charges to Phoenix, Inc.; defendant knew Hanson lived at 1016 Jewell, N.E., Albuquerque, New Mexico; defendant knew that the address of Phoenix, Inc. was that of Hanson. The court also found:

The notice of claim of lien was mailed by defendant's agent to 3801 Westerfield, N.E., Albuquerque, New Mexico, because such address was shown on the records of the New Mexico Motor Vehicle Department as the address of Phoenix, Inc., the registered owner, but at the time that such notice was mailed the defendant knew that said address was

that of a real estate office where Melvin J. Hanson was formerly employed, and that he was not at that time associated with said real estate agent, nor was such his mailing address, and *the defendant knew that the mailing of such notice to such address would not be received by the registered owner.* (Emphasis added.)

The court construed "last-known address" to mean the address within the lien holder's personal knowledge. Defendant challenges this construction and contends that regardless of his personal knowledge of Hanson's address, he was required only to send notice to Phoenix, Inc. at 3801 Westerfield, N.E., or the "last-known address" of the registered owner as shown in motor vehicle division records. Defendant's arguments in support of his construction are not persuasive for the reasons discussed below.

Defendant argues that since the registered owner was a corporation and a corporation is an artificial entity with an existence separate from that of its officers or shareholders, his knowledge of Hanson's address was not synonymous with knowledge of the corporation's "last-known address." Defendant ignores the following finding of fact:

> The notice of the lien claimed by defendant that was mailed to Phoenix, Inc. was not mailed to *the last known address of said corporation, which the defendant knew was the residence of Melvin J. Hanson* at 1016 Jewell, N.E., and at which residence defendant had on several occasions visited with Melvin J. Hanson. (Emphasis added.)

This unchallenged finding is a fact on appeal. *State ex rel. State Highway Commission v. Sherman,* 82 N.M. 316, 481 P.2d 104 (1971). Although defendant states at several points in his brief that there was no evidence that defendant knew an address for Phoenix, Inc., he does not mention the above finding. Such an indirect and general attack is not sufficient for the court's consideration on appeal. *State ex rel. Thornton v. Hesselden Const. Co.,* 80 N.M.

121, 452 P.2d 190 (1969). In any case, defendant did not supply a complete trial transcript on appeal, and we could not properly review the record for substantial evidence even if he had properly challenged the finding. *See Luxton v. Luxton,* 98 N.M. 276, 648 P.2d 315 (1982).

Defendant's second argument is that plaintiff forfeited the right to notice of the lien claim by failing to comply with NMSA 1978, § 66-3-23(A), which requires a car owner to give the motor vehicle division written notice of a change of address within ten days of moving from the address given on the car registration or title. This argument goes beyond the words of Section 43-3-13, which is the statute to be construed. The purpose of statutory construction is to give effect to legislative intent. *City of Albuquerque v. Cauwels & Davis, Mgmt.,* 96 N.M. 494, 632 P.2d 729 (1981). Legislative intent is best determined by the words of the statute. *Vaughn v. State Taxation and Revenue Dept.,* 98 N.M. 362, 648 P.2d 820 (Ct.App. 1982). Section 43-3-13 does not say "last-known address" as shown by the motor vehicle division records. This Court will not read language into a statute if the statute makes sense as written. *Perez v. Health and Social Services,* 91 N.M. 334, 573 P.2d 689 (Ct.App.1977). This statute speaks to the lien claimant and instructs that person to send notice to the last known address of the debtor; the statute does not mention motor vehicle division records.

The trial court found that defendant knew that the notice he sent in alleged compliance with the statute would not reach the debtor. The court will not reach a construction which renders "the statute's application absurd or unreasonable" and leads to "injustice or contradiction." *Gutierrez v. City of Albuquerque,* 96 N.M. 398, 631 P.2d 304 (1981). The words of this statute do not call for blind reliance on motor vehicle division records which contradict actual knowledge of the debtor's address. It is illogical to read the statute to require this defendant to send notice

only to an address which he knew was incorrect.

■ Defendant also argues that the motor vehicle division would not have recognized perfection of the lien or issued title to defendant if he had not notified the registered owner at the address shown in division records. The trial court made no findings on motor vehicle division procedure. Defendant cannot now introduce facts by way of argument on appeal. In addition, Section 43-3-13 addresses the lien claimant's responsibility and not motor vehicle division practice. Defendant's final argument, that plaintiff could have claimed that notice was deficient if sent to Hanson's address instead of the address in motor vehicle division records, ignores the plain language of the statute which addresses the lien claimant and tells him to send notice to the last known address.

Because notice was not sent to the last known address of plaintiff debtor as required by Section 43-3-13, the sufficiency of the itemized statement included in the notice need not be decided. We affirm the trial court on the basis of its construction of "last-known address" under the unchallenged facts of this case.

IT IS SO ORDERED.

DONNELLY, C.J., and WOOD, J., concur.