711 P.2d 26

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Frank VIGIL, Defendant-Appellant.**

**No. 8518.**

Court of Appeals of New Mexico.

Oct. 29, 1985.

Janet E. Clow, Chief Public Defender, Santa Fe, Mark Shapiro, Asst. Public Defender, Albuquerque, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant was convicted, in metropolitan court, of driving a vehicle while under the influence of intoxicating liquor. The conviction was for a second or subsequent offense. Defendant appealed to the district court, and was again convicted. Defendant's appeal to this court contends the length of his supervised probation was not authorized. We agree.

NMSA 1978, Section 66–8–102(E) (Cum. Supp.1985) provides:

A second or subsequent conviction under this section shall be punished by imprisonment for not less than ninety days nor more than one year or by a fine of not more than one thousand dollars ($1000), or both, provided that if the sentence is suspended in whole or in part or deferred, the period of probation may extend beyond one year but shall not exceed five years.

The metropolitan court imposed, and the district court affirmed, a sentence of 364 days in jail and a $1,000 fine. Three hundred and six days of jail time and the fine were suspended on the condition of five years of probation. Three years of the probation were to be supervised and two years were to be unsupervised. The judgment states that defendant is to obtain treatment and counseling and have no further alcohol-related arrests during the probation period.

Defendant contends supervised probation for his offense is only authorized for one year. He relies on NMSA 1978, Section 31–20–6(D) (Repl.Pamp.1981), which provided that a defendant may be required

to be placed on probation under the supervision, guidance or direction of probation authorities for a term not to exceed that of the maximum sentence prescribed by law for the commission of the crime for which he was convicted; provided that if the defendant was convicted of a third or fourth degree felony, this limita-

tion shall not apply and the term of probation shall not exceed five years[.]

Defendant recognizes that Section 66–8–102(E) is specific as to the length of time he may be placed on probation. Defendant asserts that Section 31–20–6(D) is specific as to the length of time he may be placed on *supervised* probation.

A trial court's authority to impose probation is a legislative function. *State v. Holland,* 91 N.M. 386, 574 P.2d 605 (Ct.App. 1978). If two statutes on a common subject are inconsistent, the more specific act controls. *In re Rehabilitation of Western Investors Life Insurance Co.,* 100 N.M. 370, 671 P.2d 31 (1983). However, before applying a special statute over a general statute, the two statutes should be considered together, if possible, to give effect to the provisions of both statutes. *State ex rel. State Park & Recreation Commission v. New Mexico State Authority,* 76 N.M. 1, 411 P.2d 984 (1966); *State ex rel. Department of Human Services v. Avinger,* Ct. App. No. 8423 (Filed October 17, 1985).

Defendant contends that if there is a conflict between Section 66–8–102(E) and Section 31–20–6(D), the provisions of Section 31–20–6(D) are specific as to supervised probation and, thus, are controlling. However, defendant asserts there is no conflict because Section 66–8–102(E) does not distinguish between supervised and unsupervised probation, and Section 31–20–6(D) does. Under either approach, his supervised probation is limited to one year.

The state asserts:

(a) "It is normally assumed that probation is supervised, rather than unsupervised. § 31–21–21, N.M.S.A., 1978 Comp."

(b) Section 66–8–102(E) authorizes up to five years of probation, "with all the normal incidents of that status, including supervision by probation officers."

(c) "Section 66–8–102(E) * * * constitutes [a] legislative exception to the normal rule that probation cannot exceed the maximum allowable imprisonment for the offense."

The essence of the state's contention is that Section 66–8–102(E) authorizes supervised probation of up to five years and that the "clear and unambiguous" legislative intent must be given effect. In making this argument, the state ignores the obvious. Section 31–20–6(D) refers to supervised probation and Section 66–8–102(E) does not. Statutory construction is required.

The purpose of statutory construction is to give effect to legislative intent. *City of Albuquerque v. Cauwels & Davis, Management Co.,* 96 N.M. 494, 632 P.2d 729 (1981). "[A] later statute, as the most recent expression of legislative intent, will control over an earlier statute to the extent of any inconsistency." *Abbott v. Armijo,* 100 N.M. 190, 191, 668 P.2d 306 (1983).

The state's arguments are based on the premise that Section 66–8–102(E) is the latest expression of legislative intent. That is incorrect. Section 66–8–102(E) was enacted by 1983 N.M. Laws, ch. 76, § 2. The legislative session which adjourned February 16, 1984, enacted 1984 N.M. Laws, ch. 106. This 1984 law was in effect on June 25, 1984, when defendant committed the offense involved in this appeal. N.M. Const. art. IV, § 23. The latest applicable expression of legislative intent is the 1984 law.

Section 1 of the 1984 law appears in the statutes as NMSA 1978, Section 31–19–1 (Cum.Supp.1985). As amended, Section 31–19–1 sets forth the sentencing authority for misdemeanors. A violation of Section 66–8–102(E) is a misdemeanor. NMSA 1978, § 66–8–7(A). Section 31–19–1(C) provides: "When the court has deferred or suspended sentence, it shall order the defendant placed on supervised or unsupervised probation for all or some portion of the period of deferment or suspension." This latest expression of legislative intent disposes of the state's arguments that all probation must be considered as supervised probation. Accordingly, we do not consider the validity of arguments that disregard Section 31–19–1(C).

Section 2 of the 1984 law amended NMSA 1978, Section 31–20–5 (Repl.Pamp. 1981). The 1984 amendment appears as NMSA 1978, Section 31–20–5(A) (Cum. Supp.1985). The 1985 amendment to Section 31–20–5 is not applicable. This 1984 amendment provided: "[T]he total period of probation for district court shall not exceed five years and the total period of probation for the magistrate or metropolitan courts shall be no longer than the maximum allowable incarceration time for the offense, or as otherwise provided by law." Because of the "as otherwise provided by law" clause in Section 31–20–5(A), there is no conflict with Section 66–8–102(E).

Section 3 of the 1984 law amended Section 31–20–6. That section pertains to the conditions of any order deferring or suspending sentence. Prior to the 1984 amendment, Section 31–20–6 only identified the district court as the court subject to the conditions. The 1984 amendment included the magistrate and metropolitan courts as being subject to the conditions. There were two amendments to Section 31–20–6 in 1985, but neither of the 1985 amendments apply to this case.

The 1984 amendment to Section 31–20–6 made no change in the conditions appearing as Section 31–20–6(D), quoted in the early part of this opinion. In 1984, Section 31–20–6(D) limited supervised probation to "a term not to exceed that of the maximum sentence prescribed by law for the commission of the crime for which he was convicted[.]" The maximum sentence for defendant's offense was imprisonment for not "more than one year." Section 66–8–102(E). The maximum length of defendant's supervised probation was not more than one year.

The provision in defendant's sentence for three years of supervised probation is reversed. The cause is remanded to the district court with instructions to reduce the period of supervised probation to one year.

IT IS SO ORDERED.

DONNELLY, C.J., and GARCIA, J., concur.