This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

    Plaintiff-Appellee,

v.                                  **NO. 30,819**

**DAVID LUKENS, JR.,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Trace L. Rabern
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}    Defendant appeals from a jury conviction of negligently caused child abuse

resulting in great bodily harm after his three-month-old son, Heath Lukens, was found to have multiple healed fractures. The jury returned a split verdict, finding Defendant guilty of causing only the fractures to Heath's ribs. Defendant raises eight issues on appeal, challenging the evidence admitted against him at trial, the propriety of the jury instructions, and the proportionality of his punishment under the equal protection clause of the New Mexico constitution.

**BACKGROUND**

{2} Heath was born nine weeks prematurely on August 14, 2005. When he was born, Heath was unable to breathe on his own and was airlifted to a hospital in Albuquerque, where he spent his first few days in an incubator. When it became clear that Heath would have an extended stay at the hospital, Defendant and Heath's mother (Mother) moved from Farmington to Albuquerque. Defendant took a job as a car salesman at an Albuquerque car dealership.

{3} After his birth, Defendant seemed unable to form a bond with Heath and expressed little or no affection towards him. Mother believed that Defendant sometimes handled Heath very roughly. She was worried that he did not know how to properly care for an infant, and did not want Defendant to care for Heath all by himself. Nonetheless, there were times when Defendant cared for Heath alone.

{4} Mother needed surgery in late November 2005. Defendant and Defendant's parents watched Heath while Mother recovered. When Mother was reunited with

Heath, she said that "[i]t was like I was handed a different baby back." A few days later, Mother sought medical attention for Heath. Subsequent x-rays revealed "a pattern of injury that includes several fractures. Some were new and some were old." In total, Heath suffered fifteen fractures. Defendant was charged with causing these injuries to Heath.

{5} Trial took place over a two week period of time. The main testimony at trial concerned the competing expert testimony as to the cause and source of Heath's multiple healing fractures. Defendant acknowledged having used excessive force with Heath at times, but argued that the fractures were a result of bone disease due to Heath's status as a premature baby. The State argued that the fractures were intentionally or negligently caused by Defendant. The jury returned a split verdict, finding Defendant guilty of causing the fractures to Heath's ribs but not to his arms or legs. Defendant timely filed an appeal with this Court.

{6} We note that in Defendant's briefs to this Court, he refers to some portions of the record proper, some general citations to the district court proceedings, and certain specific citations to the proceedings below, but fails to provide the required citations to the record. It is well established that this Court will not search the record to find support for Defendant's contentions. *See State v. Rojo*, 1999-NMSC-001, ¶ 44, 126 N.M. 438, 971 P.2d 829 (pointing out that an appellate court will not search the record to find whether an issue was preserved); *Ross v. City of Las Cruces*, 2010-NMCA-

015, ¶ 18, 148 N.M. 81, 229 P.3d 1253 ("Where a party fails to cite any portion of the record to support its factual allegations, the Court need not consider its argument on appeal."). The State's answer brief provides more specific citations to the record, and Defendant did not submit a reply brief or otherwise challenge these citations. Where a defendant does not provide appropriate citations to the record but argues that the State's rendition of the facts is incorrect, we note that this Court indulges every presumption in favor of the "correctness and regularity" of the district court's decision in favor of the prevailing party. *Rojo*, 1999-NMSC-001, ¶ 53 (internal quotation marks and citation omitted).

**DISCUSSION**

**A.      Admissibility of Evidence**

**1.      Standard of Review**

{7}      We review the district court's admission or exclusion of evidence for an abuse of discretion and we will not disturb its evidentiary ruling absent a clear abuse of that discretion. *State v. Stanley*, 2001-NMSC-037, ¶ 5, 131 N.M. 368, 37 P.3d 85. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted).

**2.      Expert Testimony**

4

**{8}** Defendant argues that the district court improperly qualified Ms. Dentz, Dr. Williamson, and Dr. Coleman as expert witnesses for the State because "there is no scientific method involved in 'diagnosing' child abuse." Defendant further argues that the district court erred in allowing these witnesses to provide "ultimate" opinions regarding the cause of injuries suffered by Heath. Rule 11-702 NMRA requires three prerequisites for admission of expert testimony: (1) the expert must be qualified; (2) the scientific evidence must assist the trier of fact; and (3) the expert may only testify to "scientific, technical or other specialized knowledge." *State v. Alberico*, 116 N.M. 156, 166, 861 P.2d 192, 202 (1993) (internal quotation marks and citation omitted).

**{9}** Defendant has summarily argued that it was error to qualify Ms. Dentz, Dr. Williamson, and Dr. Coleman as expert witnesses because the areas of "child abuse," "child abuse pediatrics," and "child abuse and neglect" are not valid areas of expertise. Defendant has failed to elaborate or develop this argument regarding why the qualifications and expertise of these witnesses were insufficient to assist the jury in determining the causes of Heath's injuries, or why it was improper for the district court to qualify these witnesses as experts in the field of child abuse. This Court does not review unclear or undeveloped arguments. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181. As such, we will defer to the evidentiary ruling of the district court and address this argument no further. *State v. Woodward*, 121 N.M. 1, 4, 908 P.2d 231, 234 (1995).

{10} Relying on *Alberico*, 116 N.M. at 176, 861 P.2d at 212, Defendant asserts that all three expert witnesses offered a conclusion on the ultimate issue at trial, thereby usurping the function of the jury. Defendant specifically objects to testimony that Heath's injuries were "diagnostic of child abuse;" "diagnosed as non-accidental trauma;" "nearly certainly caused by child abuse;" and "not caused by accident." We note that Defendant has not provided this Court with any citations to the record for these purported quotations. *See* Rule 12-213(A)(4) NMRA. However, even if we assume all four quotations are accurate, Defendant's argument has misconstrued *Alberico*. *See State v. Landgraf*, 1996-NMCA-024, ¶ 20, 121 N.M. 445, 913 P.2d 252 (acknowledging that our Supreme Court's holding in *Alberico* recognized "the continuing validity of its prior decisions that expert testimony is admissible even if it touches upon an ultimate issue to be decided by the trier of fact" (internal quotation marks and citation omitted)).

{11} The *Alberico* Court held that an expert may not testify with regard to the credibility of the complaining witness, may not give testimony on the identity of the perpetrator, and may not provide testimony to show that symptoms or injuries were, in fact, caused by abuse. *Alberico*, 116 N.M. at 175-77, 861 P.2d at 211-13. However, the Court held that a qualified expert could testify that the symptoms suffered by the alleged victim "are consistent with those suffered by someone who has been sexually abused." *Id.* at 178, 861 P.2d at 213-14. Thus, *Alberico* permits a

qualified expert to testify, based on experience, that the facts of the case are consistent with a crime. *See State v. Wilson*, 2011-NMSC-001, ¶¶ 29-38, 149 N.M. 273, 248 P.3d 315 (holding that an expert's opinion that the victim's cause of death was consistent with smothering was admissible), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110.

{12} The primary issue before the jury was whether Heath's injuries were caused by non-accidental trauma or by problems associated with his premature birth. During trial, both parties presented expert testimony as to the cause of Heath's injuries to support their respective positions. In compliance with *Alberico* and other New Mexico cases, none of the expert testimony at issue in this case was about Defendant's identity or credibility. While the experts gave their opinions regarding the cause of the injuries to Heath and whether the injuries were consistent with abuse, no expert testified that, in fact, the injuries were caused by abuse. *See Wilson*, 2011-NMSC-001, ¶ 38 ("The jury remained the ultimate arbiter of [the expert witness's] credibility, and it was free to reject his opinion and conclude that [the victim's] death was caused by natural causes."); *Lee v. Martinez*, 2004-NMSC-027, ¶ 16, 136 N.M. 166, 96 P.3d 291 ("Given the capabilities of jurors and the liberal thrust of the rules of evidence, we believe any doubt regarding the admissibility of scientific evidence should be resolved in favor of admission, rather than exclusion."). This case hinged on the jury's credibility determinations. *See State v. Schoonmaker*, 2008-NMSC-010, 143

N.M. 373, ¶ 33, 176 P.3d 1105 ("When a case hinges all-but-entirely on whom to believe, an expert's interpretation of relevant physical evidence (or the lack of it) is the sort of neutral, disinterested testimony that may well tip the scales and sway the fact-finder." (alteration, internal quotation marks, and citation omitted)); *Landgraf*, 1996-NMCA-024, ¶ 20 (noting that the jury is "free to disregard any or all" opinion testimony). The jury was free to disregard the contrary evidence, and we therefore decline to reweigh the evidence and substitute our judgment for that of the factfinder. *Rojo*, 1999-NMSC-001, ¶ 19 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts.").

{13} Moreover, we note that the testimony of Dr. Williams and Dr. Coleman followed the defense's presentation of expert testimony opining that Heath's injuries were not due to abuse. *See State v. Romero*, 2006-NMCA-045, ¶ 16, 139 N.M. 386, 133 P.3d 842, *aff'd*, 2007-NMSC-013, 141 N.M. 403, 156 P.3d 694 ("If a party who has objected to evidence of a certain fact himself produces evidence from his own witness of the same fact, he has waived his objection." (internal quotation marks and citation omitted)). We therefore reject Defendant's claim that the testimony of the experts was in violation of our case law pertaining to expert opinions. The district court did not abuse its discretion in admitting the testimony regarding the cause of the injuries suffered by Heath from the State's experts. As such, we are unpersuaded by

Defendant's argument that it was error for the State to refer to testimony from these witnesses during closing argument.

**3.      The Social Worker's Notes**

{14}     Defendant argues that the district court erred in admitting a social worker's notes from a CFYD team meeting during the State's cross-examination of Defendant. In her notes, the social worker attributed certain statements to Defendant. On appeal, Defendant challenges the admissibility of these notes on the basis of hearsay. Defendant argues, again without citation to the record, that the notes were read to the jury "even after defense counsel had alerted the prosecutor and [the district] court to the hearsay nature of the statements in the notes[.]" *See Aspen Landscaping, Inc., v. Longford Homes of N.M., Inc.*, 2004-NMCA-063, ¶ 29, 135 N.M. 607, 92 P.3d 53 ("Failure to provide citations and challenge findings affect this Court's ability to decide the issues. Clearly, counsel for all litigants are more effective advocates when they observe the Rules of Appellate Procedure."). The record, however, does not support Defendant's assertions that he alerted the district court to the inadmissibility of "double (or triple) hearsay statements" contained in the notes.

{15}     "To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked . . . ." Rule 12-216(A) NMRA. "In objecting to evidence, it is the duty of counsel to advise the court specifically of the ground of objection, so that it may rule intelligently. Even though testimony may have been

9

properly excluded on one ground, it is not error to admit testimony where no proper or timely objection is asserted in the [district] court." *State v. Casteneda*, 97 N.M. 670, 674, 642 P.2d 1129, 1133 (Ct. App. 1982) (citation omitted). Although Defendant initially objected to the admissibility of the notes to the district court, his objection was on the grounds of privilege. Moreover, Defendant later candidly acknowledged to the district court that his objection was not supported by law, stating "I believe my objection is not well taken." Thus, the district court properly overruled the objection on the grounds of privilege.

{16} The district court did not address the hearsay argument now raised by Defendant on appeal. Defense counsel's objection during Defendant's cross-examination did not raise, and thus, did not preserve the hearsay argument that Defendant now argues. *See Hill v. Burnworth*, 85 N.M. 615, 616, 514 P.2d 1312, 1313 (Ct. App. 1973) (explaining that a matter complained of will be deemed unpreserved when an objection is made without the specificity necessary to call the district court's attention to the matter). As such, we decline to address this unpreserved hearsay argument on appeal. *State v. Reyes*, 2002-NMSC-024, ¶ 41, 132 N.M. 576, 52 P.3d 948 (declining to review the merits of the defendant's argument on appeal because it was not preserved), *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, 267 P.3d 806.

{17} We note that Defendant cites *State v. McClaugherty*, 2008-NMSC-044, 144

N.M. 483, 188 P.3d 1234, to summarily argue that the State used the notes improperly and in bad faith to impeach Defendant's testimony. This argument again mischaracterizes the record. The State used the social worker's notes to refresh Defendant's recollection when he stated that he did not remember the CYFD team meeting. The *McClaugherty* Opinion is not relevant to this appeal because the notes were not used to impeach Defendant's testimony. The remainder of Defendant's argument is too general and vague for this Court's consideration. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *In re Estate of Heeter*, 113 N.M. 691, 694, 831 P.2d 990, 993 (Ct. App. 1992) ("This [C]ourt will not search the record to find evidence to support an appellant's claims."); *Phoenix, Inc. v. Galio*, 100 N.M. 752, 754, 676 P.2d 829, 831 (Ct. App. 1984) ("[A]n indirect and general attack is not sufficient for [this] [C]ourt's consideration on appeal.").

**4.      Recorded Audio Statements of Defendant**

{18}      Defendant also appeals the district court's decision to admit into evidence an audio tape recording of statements made by Defendant to Mother. Defendant elected not to include the recording in the record on appeal, but our review of the record indicates that the recording apparently contained an acknowledgment of guilt made by Defendant. Defendant argued that the tape was surreptitiously recorded and clearly

11

taped over. The district court explained that it was admitting the tape recording, despite the issues "as to how the recordings were made and the fact that they are not complete," because these issues go "to the weight to be credited or given to those recordings by the trial jury."

{19} On appeal, Defendant's bare assertions of impropriety fail to demonstrate how the district court abused its discretion in concluding that "[its] not for the [district c]ourt to assign value or weight to any particular evidence." *See Curtiss v. Aetna Life Ins. Co.*, 90 N.M. 105, 107, 560 P.2d 169, 171 (Ct. App. 1976) ("We do not weigh the evidence. It is the duty of the jury to weigh the evidence, determine the credibility of the witness, the weight to be given to his testimony, and determine where the truth lies."). Defendant's argument is particularly unpersuasive in light of his cross-examination of Heath's mother and his production of an expert witness to discredit the value of the tape recordings. Most importantly, however, Defendant's arguments regarding the admissibility of the tape recording are undeveloped. Defendant never states how his case was prejudiced by its admission, nor does he provide any argument, citations to the record, or relevant authority to develop his contention that the tape recording was inadmissible. "It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." *Muse*, 2009-NMCA-003, ¶ 51. Defendant's contentions are unclear and do not constitute error without adequate development by Defendant.

12

*See Benavidez v. Benavidez*, 2006-NMCA-138, ¶ 23, 140 N.M. 637, 145 P.3d 117 (refusing to address challenges to a district court's findings as unclear when the challenges are not supported by relevant and specific reasons and do not explain why the evidence relating to the finding is insufficient); *Clayton v. Trotter*, 110 N.M. 369, 373, 796 P.2d 262, 266 (Ct. App. 1990) (explaining that an appellate court need not consider unclear arguments). As a result, we will not consider this issue any further.

**B.      Jury Instructions**

{20}      On appeal, Defendant raises three challenges to the jury instructions. First, Defendant argues that the State presented evidence which supported a single theory of intentional child abuse, and it was error for the jury to be instructed on a theory of negligent child abuse. Second, Defendant argues that the jury instructions erroneously included a "failure to act" standard to prove causation. Third, Defendant contends that the instructions improperly imposed a civil negligence standard without any accompanying proof of risk. Again, Defendant's arguments contain no citations to the record, present no basis for relief, and cite no on-point authority. Moreover, Defendant acknowledges that two of his three claims were inadequately preserved for appeal, yet Defendant does not attempt to establish fundamental error. As has been stated by this Court many times, a failure to object at trial to jury instructions constitutes a waiver of errors that might have been committed. *State v. Roybal*, 66 N.M. 416, 419, 349 P.2d 332, 334 (1960). Again, Defendant has not provided this

13

Court with any support for his bare assertions of error regarding the jury instructions. As such, we will not undertake our own independent review of the evidence in an attempt to discover error. *See State v. Corneau*, 109 N.M. 81, 91, 781 P.2d 1159, 1169 (Ct. App. 1989). On the arguments presented, we find no error and will not address these claims further.

**C.      Equal Protection**

{21}    Although framed as an equal protection proportionality argument in his briefing, Defendant presents no argument or authority on the constitutional issues purportedly raised on appeal. Instead, Defendants's equal protection argument is nothing more than an attack on the criminal negligence standard used to convict Defendant. "When a criminal conviction is being challenged, counsel should properly present this [C]ourt with the issues, arguments, and proper authority." *State v. Clifford*, 117 N.M. 508, 513, 873 P.2d 254, 259 (1994). Again, Defendant's argument is too vague for this Court to address on appeal. *Benavidez*, 2006-NMCA-138, ¶ 23.

**CONCLUSION**

{22}    For the foregoing reasons, we affirm Defendant's child abuse conviction.

{23}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

14

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**